# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Terrance Mann, | Civ. No. 21-0245 (ECT/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Respondent. | |

Terrance Mann, *pro se* Petitioner.

Matthew Frank, Esq., Minnesota Attorney General's Office, counsel for Respondent.

BECKY R. THORSON, United States Magistrate Judge

Petitioner Terrance Mann has filed a motion to extend the time in which to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Doc. No. 1.) The limitations period for federal habeas relief from a state judgment is established by statute, *see* 28 U.S.C. § 2244(d), and the Court does not have the authority to "extend" that limitations period, as Mann requests. *See, e.g.*, *Thoresen v. Titus*, No. 20-CV-0769 (ECT/ECW), 2020 WL 1977251, at *1-2 (D. Minn. Mar. 26, 2020); *Knutson v. McNurlin*, No. 15-CV-2807 (DSD/BRT), 2015 WL 9224180, at *1 (D. Minn. Nov. 23, 2015). For the reasons that follow, this Court finds that Mann's motion is premature and thus recommends that it be denied.

This does not necessarily mean that the limitations period for Mann will conclude one year after "the date on which the judgment became final by the conclusion of direct

1

review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), as Mann seems to assume in his motion. If, upon filing his habeas petition, Mann can establish that "State action in violation of the Constitution or laws of the United States" impeded him from doing so earlier, then his petition may be timely pursuant to § 2244(d)(1)(B) even if filed after the deadline otherwise established by § 2244(d)(1)(A). Similarly, if Mann could establish that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing, he may be entitled to equitable tolling of the filing deadline. *See Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (citing *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). But in either case, for the timeliness of Mann's habeas petition to be established, Mann must first file that petition; the Court cannot declare in advance (and without evidence) that Mann could not have filed his petition earlier.[1]

Accordingly, it is recommended that Mann's motion be denied and that this matter be dismissed without prejudice to Mann's rights to seek federal habeas relief in a future proceeding.[2]

---

[1]    Mann requests in his motion that the Court investigate the correct date on which he should be released from prison. (*See* Doc. No. 1.) This kind of investigatory request is outside the authority of the Court. By contrast, this Court may appoint counsel to represent Mann (as he also requests), but only where "the interests of justice so require . . . ." 18 U.S.C. § 3006A(a)(2). Until Mann has filed his petition for a writ of habeas corpus (or, at a minimum, indicated what habeas claims he believes to be available to him), this Court cannot find that appointment of counsel would be in the interests of justice in this matter.

[2]    Although Mann's motion was docketed as a petition for a writ of habeas corpus, this Court does not interpret this matter as a "habeas corpus proceeding" within the meaning of 28 U.S.C. § 2253(c)(1)(A); Mann makes clear in his motion that he intends to

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The motion for an extension to file a habeas petition of petitioner Terrance Mann (Doc. No. 1) be **DENIED**.

2. This matter be **DISMISSED WITHOUT PREJUDICE**.

Dated: February 2, 2021          *s/ Becky R. Thorson*
                                 BECKY R. THORSON
                                 United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

seek habeas relief in the future but that he is not yet doing so. Accordingly, in this Court's view, no certificate of appealability is necessary for Mann to seek appellate review of any final order entered in this matter, and thus this Court recommends neither issuing nor denying a certificate of appealability.